UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NICHOLAUS SINON** | : | CIVIL ACTION NO. |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **EKO ENTERPRISES, LLC d/b/a** | : | |
| **AUTO LANDMARK** | : | JULY 25, 2016 |
|     Defendant | : | |
| | : | |

COMPLAINT

I. INTRODUCTION

1. This is a suit brought by a consumer regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract (the "Contract"). Plaintiff brings this action to recover actual damages, statutory damages, reasonable attorney's fees and costs from Defendant EKO Enterprises, LLC d/b/a Auto Landmark ("Auto Landmark"). The Plaintiff claims that Auto Landmark has violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA").

II. PARTIES

2. Plaintiff is a consumer and natural person residing in Wallingford, Connecticut.

3. Defendant Auto Landmark is a Connecticut limited liability company that operates an automobile dealership in Plainville, Connecticut.

### III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court has jurisdiction over Auto Landmark because it is a Connecticut limited liability company that regularly conducts business in this state.

6. Venue in this court is proper, because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

### IV. FACTUAL ALLEGATIONS

7. Prior to March 15, 2016, Auto Landmark advertised a 2003 BMW 5 Series 503 (the "Vehicle") for a sale price of $5,999.

8. Plaintiff went to Auto Landmark to look at and test drive the Vehicle, and he agreed to purchase the Vehicle.

9. Auto Landmark presented Plaintiff with a purchase order and retail installment contract (the "Contract") for the purchase of the Vehicle that utilized a cash price of $6,571.55.

10. Auto Landmark had increased the cash price of the Vehicle because it was passing on to Plaintiff a discount fee that had been charged by the finance company to whom Auto Landmark intended to assign the Contract.

11. The Contract also included a charge of $349.00 for document preparation and $151.00 for license, tags, and registration, even though Auto Landmark did not register the Vehicle for Plaintiff.

12.     At the time he signed the Contract, Plaintiff did not notice that the sales price was higher than the advertised price.

13.     After Plaintiff signed the Contract, Auto Landmark provided Plaintiff with the necessary paperwork to register the Vehicle at the Department of Motor Vehicles, even though Auto Landmark had charged Plaintiff a fee for registration.

14.     Plaintiff went to the Department of Motor Vehicles and paid the fees to register the Vehicle, which had been advanced to him by Auto Landmark.

15.     Auto Landmark had improperly completed the Vehicle registration paperwork by failing to list the lender as a secured party on the title.

16.     When the lienholder learned of the error, it no longer wanted to fund the transaction, and Auto Landmark directed Plaintiff to return the Vehicle immediately.

17.     Plaintiff returned the Vehicle to Auto Landmark.

18.     Plaintiff was required to return to the Department of Motor Vehicles to re-register the Vehicle, at an additional cost to Plaintiff, and Auto Landmark failed to reimburse Plaintiff for the additional costs.

V.     CAUSES OF ACTION

A.  TRUTH IN LENDING ACT

19.     Paragraphs 1-8 are incorporated.

20.     Approximately $1,500 of the cash price for the Vehicle was a fee charged to Plaintiff by Auto Landmark because he was financing the purchase, and this portion of the purchase price would not have been charged in a cash transaction.

21.     Auto Landmark violated TILA by not disclosing this portion of the cash price as a finance charge but instead including it as part of the amount financed.

22. Auto Landmark further violated TILA by not including the discount fee in calculating the annual percentage rate.

23. Auto Landmark is liable to Plaintiff for actual damages plus additional statutory damages of $2,000, and a reasonable attorney's fee.

### B.  CONNECTICUT UNFAIR TRADE PRACTICES ACT

24. Paragraphs 1-23 are incorporated.

25. Auto Landmark violated CUTPA in the following ways:

   a. It charged Plaintiff the full dealer conveyance fee even though Plaintiff performed some of the services himself, and it failed to provide him with the notice required by Conn. Gen. Stat. § 14-62(c)

   b. It failed to make the proper disclosures required under Conn. Gen. Stat. § 14-62a in its advertisement of the Vehicle;

   c. It charged Plaintiff the state costs for registration of the Vehicle even though it did not register the Vehicle for Plaintiff, and it failed to refund Plaintiff the cost for registration, in violation of Conn. Gen. Stat. § 14-62(c).

   d. It required Plaintiff to return to the Department of Motor Vehicles and pay additional costs associated with the issuance of a new title for the Vehicle, and by failing to refund the additional costs of registration to Plaintiff;

   e. It sold the Vehicle for more than the advertised price, a per se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1).

26. Auto Landmark's conduct, as aforedescribed, was unfair and deceptive and in violation of CUTPA, and it has caused Plaintiff to suffer an ascertainable loss of money or property.

27. Auto Landmark is liable to Plaintiff for his damages, punitive damages, and attorney's fees.

Wherefore, Plaintiff claims actual damages, punitive damages, and a reasonable attorney's fee.

PLAINTIFF, NICHOLAUS SINON

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn, ct02188
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com